**HERAEUS–AMERSIL, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 81–1–00100.

United States Court of International Trade.

June 5, 1986.

---

Fitch, King & Caffentzis (Richard C. King, Peter Fitch and James Caffentzis) New York City, for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Div. (John J. Mahon) New York City, for defendant.

## MEMORANDUM OPINION

CARMAN, Judge:

In this case, on appeal before the United States Court of Appeals for the Federal Circuit, defendant applied to this Court for an order to show cause and moved for return of monies paid to plaintiff. The Court duly ordered a hearing requiring plaintiff to show cause why it should not return the sum of $18,349.27 mistakenly refunded to it by the United States Customs Service (Customs). At the hearing, plaintiff raised questions of the Court's jurisdiction because of the appeal pending in the Court of Appeals. The Court stayed the proceedings at the hearing and directed the defendant to make application for the relief sought before the Court of Appeals. Defendant made such application and subsequently the Court of Appeals ordered this Court to

proceed with the expeditious resolution of the dispute between the parties over the refund of the payment made by the Customs Service to Heraeus-Amersil, Inc., taking such action as may appear to it to be necessary or desirable to restore the status quo prior to the error of its supporting personnel in mistakenly forwarding papers to the Customs Service. This Court then continued the hearing on the order to show cause on June 5, 1986. At the conclusion of the presentations by the parties, the Court ordered that the monies be repaid.

### Facts

On June 6, 1985, the Court issued Slip Op. 85–60 granting judgment for plaintiff and upholding plaintiff's claimed classification of fused quartz and fused silica on the basis of an established and uniform practice. However, the Court limited its holding to Court No. 81–1–00100 covering entry number 188,596 only. Because additional entries had been severed from other cases and consolidated with Court No. 81–1–00100, confusion arose over the application of the Court's holding to the various entries involved. The Court therefore granted defendant's motion for amendment and/or rehearing in Slip Op. 85–88 and vacated the prior opinion and judgment in Slip Op. 85–60. In Slip Op. 85–88, the Court granted plaintiff's motion for summary judgment only as to six entries which had been made before December 30, 1977.

On October 24, 1985, defendant filed an appeal and on November 6, 1985, plaintiff was permitted to file an interlocutory appeal. However, on November 5, 1985, according to the affidavit of Vito Gualario, at that time Head of the Residual Liquidation Section for the New York Region, United States Customs Service, Customs received entry papers from the Clerk of the Court of International Trade for all nine entries subject of Consolidated Court No. 81–1–00100, along with copies of Slip Op 85–60 and its accompanying Judgment Order and page 2 only of Slip Op. 85–88, which listed the nine entry numbers with their corresponding protest and court numbers. As there was no indication in the papers that the consolidated civil action was not final, Customs attempted to reliquidate all of the entries in Consolidated Court No. 81–1–00100 under the provisions claimed correct by plaintiff and mistakenly issued refunds to the importer in the amount of $13,503.77, plus $4,845.50 in interest payments.

Subsequently, in letters dated January 14, 1986, and March 6, 1986, government counsel demanded the return of the monies since the case was on appeal and no final judgment had been entered. *See* Affidavit of John J. Mahon 4. Upon refusal of plaintiff to return the monies, defendant filed its application for an order to show cause on April 22, 1986.

### Opinion

At the continued hearing on the order to show cause, plaintiff again challenged the Court's jurisdiction to provide relief in this matter, this time arguing that the defendant failed to exhaust its administrative remedies. The only arguable remedy, maintained plaintiff, would have been for defendant to proceed under 19 U.S.C. § 1501 (1982),[1] the provision for voluntary reliquidations. Since section 1501 requires voluntary reliquidation to occur within 90 days from notice to the importer of the *original* liquidation, plaintiff apparently concludes that there is no statutory remedy available to defendant to correct the mistaken refund to plaintiff.[2] Regardless, plaintiff contends that defendant has not

---

**1.** 19 U.S.C. § 1501 reads in part:

> **Voluntary reliquidations by appropriate customs officer; notice**
>
> A liquidation made in accordance with section 1500 of this title or any reliquidation thereof made in accordance with this section may be reliquidated in any respect by the appropriate customs officer on his own initiative, notwithstanding the filing of a protest,

within ninety days from the date on which notice of the original liquidation is given to the importer, his consignee or agent....

**2.** The subject entries were originally liquidated in 1978 and 1981. *See Heraeus-Amersil, Inc. v. United States,* 9 CIT ——, 617 F.Supp. 89, 90 (1985).

pursued administrative remedies that would lead to an event upon which the Court's jurisdiction could be based under 28 U.S.C. § 1581 (1982).

The Court's jurisdiction in this case, however, arose when plaintiff brought action under 28 U.S.C. § 1581(a) challenging Customs' denials of its protests. When the Court rendered judgment on August 27, 1985, it was not divested of jurisdiction to ensure the proper implementation of its judgment or compliance with statutory procedures pending the finality of its judgment. Although Customs' refund of monies was ostensibly pursuant to the Court's order of August 27, 1985, it was not in accordance with that order since the refund was based upon attempted reliquidations of nine entries rather than upon the six entries called for by the order. Further, Customs did not carry out the refund pursuant to a final court order since the case was on appeal. *See* 28 U.S.C. § 2645(c) (1982) (pertaining to the finality of judgments unless rehearing granted or appeal taken). This Court thus has authority and responsibility to implement the Order of the Court of Appeals and take "such action as may appear ... necessary or desirable to restore matters to the status quo prior to the error" resulting in the refund of monies. Such authority is indispensible to ensuring the Government's security as contemplated by 19 U.S.C. § 1514(a) (1982), which provides for the reliquidation of entries or refund of duties only after a court judgment has become final. *American Grape Growers Alliance v. United States*, 9 CIT ——, 622 F.Supp. 295 (1985), further supports the proposition that the Court has inherent power to oversee the implementation of its judgment and hold supplemental proceedings necessary for the proper effectuation of its judgment. *See id.* at 297. In *American Grape Growers*, the court found that 28 U.S.C. § 2645(c) was not a bar to enforcing its judgment when an appeal in antidumping and countervailing duty proceedings had been taken. In the case now at bar, the Court's power is even more compelling, since it is merely ensuring the maintenance of the status quo pending the

appeal as the statutory scheme requires. Finally this Court has authority pursuant to 28 U.S.C. § 1651(a) (1982) to issue writs necessary in aid of its jurisdiction. The Court accordingly ordered plaintiff to return the monies to Customs pending a final court decision in this case.