UNITED STATES, PLAINTIFF *v.* MARSHALL PEEPLES AND SUGAR SUPPLY CO. INTERNATIONAL, INC., DEFENDANTS

Court No. 93-01-00066

(Dated April 30, 1993)

*Stuart E. Schiffer,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Patricia L. Petty*) for plaintiff.
*Thomas J. Lindmeier* (*Thomas J. Lindmeier, Jacqueline C. Chase*) for defendant.

MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* Defendant has moved for an order to strike the amended complaint and to make the amended complaint more definite and certain. Plaintiff opposes this motion. Defendant also has moved for leave of the Court to file a response to plaintiff's Opposition to Defendant's Motion for a More Definite Statement and Motion to Strike. Plaintiff did not respond to defendant's latter motion.

A portion of defendant's earlier Motion to Strike and Motion to Make More Definite and Certain alleges that part of paragraph 13 of Plaintiff's Amended Petition should be stricken. Defendant contends that this Motion to Strike is a dispositive motion as that term is used in USCIT Rule 7 (d).[1] In the Court's view, since defendant's motion would not dispose of this case even if granted, said motion is not dispositive and defendant is thereby not entitled to a reply as a matter of right. Had defendant filed a motion to dismiss, for example, he would have been entitled to a reply.

Furthermore, upon due consideration, the Court chooses not to exercise its discretion to allow the reply. Rather, the Court finds that plaintiff has adequately pleaded its case, with sufficient clarity and precision, so that defendant is on notice of the claims levied in the complaint and may defend against them. In addition, plaintiff has offered to amend its complaint yet again, in order to elaborate paragraph 13 even further. *The Court encourages plaintiff to do so promptly.*

The USCIT rules and procedures are designed to streamline litigation. Motions to strike under USCIT Rule 12(f), which is identical to Rule 12(f) of the Federal Rules of Civil Procedure, are disfavored by the courts and are infrequently granted. *Heraeus-Amersil, Inc. v. United States,* 8 CIT 329, 335, 600 F. Supp. 221, 226 (1984), later proceeding, *Heraeus-Amersil, Inc. v. United States,* 9 CIT 262, 612 F. Supp. 396 (1985), vacated, set aside, summ. judgment granted, in part, *Heraeus-Amersil, Inc. v. United States,* 9 CIT 412, 617 F. Supp. 89 (1985), later proceeding, *Heraeus-Amersil, Inc. v. United States,* 10 CIT 438, 638 F. Supp. 342 (1986), aff'd *Heraeus-Amersil, Inc. v. United States,* 2 Fed. Cir. (T) 95, 795 F.2d 1575 (1986); *Stabilisierungsfonds Fur Wein v. Kaiser Etc.,* 647 F. 2d 200, 201 (D.C. Cir. 1981). Defendant's Motions *to Strike the Amended Complaint and Motion to make the Amended Complaint More Definite and Certain* more closely resemble challenges to discovery and a request for trial through pleadings than valid requests for the clarification of a complaint. The Court can see no prejudice to defendant in the Amended Complaint, as it now exists. In contrast, defendant's motion would result in needless delay and premature discovery.

The granting of a motion to strike constitutes an extraordinary remedy and should be granted only where there has been a flagrant disregard of the rules of the Court. *Fujitsu General, Ltd v. United States,* Slip Op. 91–72 (CIT Aug. 19, 1991); *Jimlar Corp. v. United States,* 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986). The government has not flagrantly disregarded the rules of the Court. Upon due consideration, It is hereby

ORDERED that Defendant's Motion for a More Definite Statement and Motion to Strike is denied. It is further

---

[1] The Court presumes that defendant thereby refers to the following language in Rule 7(d): "The moving party shall have 10 days after service of the response to a dispositive motion to serve a reply."

ORDERED that Defendant's Motion for Leave of Court to file Reply to Plaintiff's Opposition to Motion to Strike and Motion to Make More Definite and Certain is denied. Finally, it is

ORDERED that Plaintiff has permission to file its amended Amended Complaint with the Court within 15 days.