Slip Op. 05-117

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: CARMAN, JUDGE

---

INTERNATIONAL CUSTOM        :
PRODUCTS, INC,        :
       :
       Plaintiff,        :
       :
v.        :        Court No. 05-00341
       :
UNITED STATES OF AMERICA,        :
       :
       Defendant.        :

---

[Plaintiff's Emergency Motion to Enforce Judgment and Expedite Briefing is denied in part and granted in part.]


*Mayer, Brown, Rowe & Maw, LLP (Simeon Munchick Kriesberg, Andrew A. Nicely, Priti Seksaria Agrawal),* Washington, D.C., for Plaintiff.

*Peter D. Keisler,* Assistant Attorney General; *Barbara S. Williams,* Attorney in Charge, International Trade Field Office; *Edward F. Kenny,* Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, for Defendant.

Dated: September 1, 2005

**OPINION & ORDER**

**CARMAN, JUDGE:** This case is before this Court pursuant to Plaintiff's Emergency

Motion to Enforce Judgment and to Expedite Briefing ("Plaintiff's Motion"). Plaintiff contests

the imposition of a greatly increased import bond requirement by the Bureau of Customs and

Border Protection ("Customs") on certain imported product referred to as "white sauce." After

due consideration of the parties' briefs and oral argument had on this matter in open court on

August 11, 2005, this Court grants Plaintiff's Motion in so far as it relates to expedited briefing

but denies Plaintiff's Motion as it relates to Customs's imposition of new bond requirements.

The rationale of the Court is set forth below.

**BACKGROUND**

The facts that give rise to this dispute were set forth in this Court's June 15, 2005,

opinion. Int'l Custom Prods., Inc. v. United States, 29 CIT, Slip Op. 05-71 (June 15, 2005). The

Court presumes familiarity with that opinion and the facts recited therein.

On May 18, 2005, the Revenue Division of Customs Office of Finance ("Revenue

Division") notified Plaintiff that Plaintiff must post a $10.6 million continuous-entry bond due to

the increased duty liability resulting from the Notice of Action issued by Customs on April 18,

2005.[1] Upon notification of this Court's oral judgment, which was delivered on June 2, 2005, the

---

[1] The April 18, 2005, Notice of Action was declared null and void by this Court's oral
judgment of June 2, 2005, and its June 15, 2005, declaratory judgment and slip opinion.

Revenue Division "agreed that the basis for the $10.6 million continuous-entry bond was invalidated by the Court's judgment." (Pl.'s Mem. of P. & A. in Supp. of Pl.'s Emergency Mot. to Enforce J. and to Expedite Briefing ("Pl.'s Mem.") at 4.) On June 13, 2005, the Revenue Division rescinded its May 18, 2005, notice and advised Plaintiff that it would be required instead to post a $400,000 continuous-entry bond. (Pl.'s Mem. at 4.)

On June 17, 2005, Plaintiff attempted to enter its white sauce through the Port of Philadelphia ("Port"). (Pl.'s Mem. at 4.) The Port rejected Plaintiff's entry. (Pl.'s Mem. at 4.) On June 20, 2005, this Court denied Customs's motion for stay of judgment pending appeal. Also on June 20, 2005, and on June 21, 2005, the Port informed Plaintiff that it was imposing new bond requirements on all entries of Plaintiff's white sauce. (Pl.'s Mem. at 1.) The Port demanded that Plaintiff post single-entry bonds of three times the value of the entered goods. (Pl.'s Mem. at 4.) In addition, the Port required that Plaintiff pay two times the applicable duties and fees before white sauce might be placed in a bonded warehouse. (Pl.'s Mem. at 1.)

The Port informed Plaintiff that it had two reasons for imposing the new requirements. Firstly, Customs does not consider that this Court's June 15, 2005, opinion has any affect on future entries. (Pl.'s Mem. at 2, 5.) Secondly, Customs claimed that the new requirements were necessary to protect the public fisc in the event the Court of Appeals reverses this Court's judgment. (Pl.'s Mem. at 2, 5.)

Plaintiff objects to Customs's imposition of the new bond requirements and brought its motion in response thereto.

PARTIES' CONTENTIONS

**I.      Plaintiff's Contentions**

Plaintiff's Motion is premised on the notion that Customs's imposition of new bond requirements is inconsistent with this Court's June 2, 2005, judgment.  Plaintiff states that this Court has jurisdiction to enforce its own judgments.  (Pl.'s Mem. at 6.)  Plaintiff argues that "this Court's judgment will have 'little effect' if Customs is allowed to increase [Plaintiff's] bond based on the purported protection of revenue to be derived from the eventual collection of tariffs that the Court has ruled cannot lawfully be collected."  (Pl.'s Mem. at 7 (quoting Abbott Labs. v. Novopharm Ltd., 104 F.3d 1305, 1309 (Fed. Cir. 1997).)  Plaintiff argues that the Court has jurisdiction to grant its requested relief because Customs's new bond requirements, which Plaintiff cannot satisfy, render "this Court's judgment a nullity."  (Reply in Supp. of Pl.'s Emergency Mot. to Enforce J. ("Pl.'s Reply") at 2.)  Therefore, Plaintiff urges this Court to exercise its "'inherent power to enforce its judgments and continue proceedings until its judgment is satisfied.'" (Pl.'s Reply at 3 n.1 (quoting Am. Grape Growers Alliance for Fair Trade v. United States, 9 CIT 568, 570, 622 F. Supp. 295 (1985).)  Further, Plaintiff asserts that Customs's imposition of the new import requirements is an example of "'administrative sanctions'" designed to subvert this Court's judgment.  (Pl.'s Mem. at 8 (quoting United States v. Hanover Ins. Co., 18 CIT 991, 1000, 869 F. Supp. 950 (1994), aff'd, 82 F.3d 1052 (Fed. Cir. 1996).)

Plaintiff interprets this Court's declaratory judgment and opinion as making "clear that the judgment is not limited to entries made prior to the issuance of the Notice of Action."  (Pl.'s

Reply at 2.)  According to Plaintiff, "[i]f the Notice of Action was null and void, it was null and

void with respect to the 86 specified entries, as well as with respect to 'all shipments' to which

the reclassification announced in the Notice of Action expressly applied."  (Pl.'s Reply at 5.)

Plaintiff also stated that "[d]eclaring the classification ruling to be in 'full force and effect' until

the ruling is revoked or modified in accordance with law would be superfluous if the Court's

judgment were limited to 86 specific entries in a nullified Notice of Action."  (Pl.'s Reply at 6.)

Finally, Plaintiff propounded that this Court's declaratory "judgment extends to all shipments of

white sauce."  (Pl.'s Reply at 6.)

Because the new import requirements are intended to evade the Court's judgment,

Plaintiff submits that Customs must be enjoined from continuing to impose the new

requirements.  (Pl.'s Mem. at 9.)  Plaintiff claims that Customs's action in resetting Plaintiff's

import bond amount was not justified in light of this Court's judgment.  (Pl.'s Mem. at 9-10.)

Plaintiff argues that neither of Customs's stated justifications for raising Plaintiff's import bond

amount was reasonable.  (Pl.'s Mem. at 10 (citing Hera Shipping, Inc. v. Carnes, 10 CIT 493,

497, 640 F. Supp. 266 (1986).)  Plaintiff states that "Customs is not free to impose a bond

requirement based on the anticipated collection of revenues inconsistent with" the classification

of white sauce Customs provided in ruling letter NYRL D86228 (Jan. 20, 1999), which ruling

was held by this Court to be in full force and effect.  (Pl.'s Mem. at 10-11.)  Plaintiff dubs

Customs's efforts in imposing the new import requirements as a "wishful pursuit" of duties to

which this Court ruled Customs is not entitled.  (Pl.'s Mem. at 12.)  Plaintiff argues that Customs

impermissibly imposed a "punitive bond requirement" as "a stay of judgment by administrative

fiat." (Pl.'s Reply at 7.) Accordingly, Plaintiff prays that this Court "enjoin Customs from imposing bond requirements that are incompatible with its judgment of June 2, 2005." (Pl.'s Mem. at 12-13.)

## II.    **Defendant's Contentions**

Defendant argues that this Court should not hear Plaintiff's motion because "jurisdiction is transferred to the appellate court, and the district court is divested of jurisdiction over all matters relating to the appeal." (Def.'s Resp. to Pl.'s Emergency Mot. to Enforce J. ("Def.'s Resp.") at 6.) Defendant reasons that there is no reason for the Court to concurrently consider issues that are also before the appellate court. (Def.'s Resp. at 6.) Defendant further posits that it is inefficient for the Court to rule on Plaintiff's Motion "because the non-prevailing party would have to file a second appeal regarding the judgment already on appeal." (Def.'s Resp. at 7.)

Additionally, Defendant asserts that this Court lacks subject matter jurisdiction to hear Plaintiff's claims concerning the bond issue. (Def.'s Resp. at 7.) Defendant points out that the entries about which Plaintiff takes issue in its Motion to Enforce Judgment were not covered by the Notice of Action, which was the subject of the Court's June 2, 2005, judgment. (Def.'s Resp. at 7.) Defendant challenges Plaintiff's assertion that this Court's jurisdiction can be engrafted over entries unrelated to the original causes of action and pleadings in this case. (Def.'s Resp. at 7.)

The government also submits that Customs acted within its discretion in setting the new bond requirements. (Def.'s Resp. at 10.) According to Defendant, "Customs imposed the single

entry bond requirement on ICP to protect the public revenue and assure compliance with the

quota laws, in the event that the Court's decision in International Custom Products is reversed on

appeal. . . ." (Def.'s Resp. at 10.) Defendant states that its action is within the "broad discretion"

accorded the port director "to protect the revenue and assure compliance with the law." (Def.'s

Resp. at 12.)

## JURISDICTION

This Court retains supplemental jurisdiction over matters "so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy."

United States v. Hanover Ins. Co., 18 CIT 991, 992, 869 F. Supp. 950 (1994), aff'd, 82 F.3d 1052

(Fed. Cir. 1996) ("Hanover I"). "[A]bsent a stay pending appeal, a court retains jurisdiction to

supervise its judgments and enforce its orders." Id. at 993 (citation omitted). This "Court has

inherent power to oversee the implementation of its judgment and hold supplemental proceedings

necessary for the proper effectuation of its judgment." Heraeus-Amersil, Inc. v. United States, 10

CIT 438, 440, 638 F. Supp. 342 (1986), aff'd, 795 F.2d 1575 (Fed. Cir. 1986) (citation omitted).

Further, this Court "has the inherent power to determine the effect of its judgments and issue

injunctions to protect against attempts to attack or evade those judgments." United States v.

Hanover Ins. Co., 82 F.3d 1052, 1054 (Fed. Cir. 1996) ("Hanover II"). Moreover, if "a party's

conduct is in violation, or evasive, of a prior judgment, the Court of International Trade also has

authority to enjoin that conduct regardless of whether the conduct amounts to civil contempt."

Id.

Despite the government's arguments to the contrary, this Court's continuing jurisdiction

over this matter does not turn on whether an appeal has been filed.  "If we assume the power of a

court to enforce its judgments, th[e]n the pendency of an appeal, or the pendency, in conjunction

with that appeal, of motions for stay of the judgment, have no bearing."  Am. Grape Growers

Alliance for Fair Trade v. United States, 9 CIT 568, 568-69, 622 F. Supp. 295 (1985) (emphasis

added).  This Court "cannot assume anything about what will happen on appeal, and for [this

Court] to refrain from acting on any suppositions about future events would be both

presumptuous and improper."  Id. at 569.

Although an appeal was recently filed in this case and Defendant requested that the Court

of Appeals issue a stay of judgment, the Court of Appeals declined to do so.  Int'l Custom Prods.,

Inc. v. United States, No. 05-1444 (Fed. Cir. Aug. 4, 2005).  "[E]nforceability of this Court's

judgments should be unquestioned, and a stay is the only way to put off that enforceability."  Am.

Grape Growers, 9 CIT at 570.  Thus, this Court has jurisdiction to rule on the post-judgment

matters before it.

## DISCUSSION

Although this Court has jurisdiction to enforce its June 2, 2005, judgment, it agrees with

the government that the Court lacks subject matter jurisdiction over Customs's imposition of new

bond requirements on Plaintiff's imported white sauce.  This Court disagrees with Plaintiff's

interpretation that the June 2, 2005, declaratory order applied to future importations of Plaintiff's

white sauce.  The Court had jurisdiction over only those matters before it as defined by Plaintiff's

Amended Complaint, and the Amended Complaint was limited to the April 18, 2005, Notice of Action and entries included thereon. Plaintiff cannot bootstrap a new cause of action, one that arose after the filing of its Amended Complaint, onto its already adjudicated claims by urging this Court to exercise its inherent powers to enforce its own judgments.

This case is distinguishable from the Hanover Insurance cases. Hanover I, 18 CIT at 991; Hanover II, 82 F.3d at 1052. In those cases, Customs sought recovery of unpaid antidumping duties and interest from Hanover, a surety for the indebted importer. Hanover II, 82 F.3d at 1053. The Court of International Trade ("CIT") dismissed Customs's case as time barred by the statute of limitations. Id. Thereafter, Customs "continued to demand payment and threatened Hanover with administrative sanctions." Id. The sanctions included refusing to accept imported merchandise underwritten by Hanover bonds and requesting that Hanover be removed from the list of approved sureties. Id. "Hanover then filed a motion for civil contempt in the prior action before the Court of International Trade arguing that the threatened administrative actions contravened the order dismissing the case pursuant to the statute of limitations." Id. Customs argued "that its actions did not violate [the CIT's] order because [the order] only prevented enforcement of the debt by legal process; the order did not extinguish Customs' right to collect." Id. Both the CIT and Court of Appeals rejected Customs's argument after an analysis of the effect of the statute imposing the statute of limitations.

In Hanover I and II, Customs sought to secure by administrative means the very relief it had been denied through judicial recourse. At present, Customs – through its administrative action of imposing new bond requirements – is not seeking to do what the Court has told it that it

cannot.  This Court's June 2, 2005, judgment relates solely to the Notice of Action and entries included thereon.  The Notice of Action was an attempt by Customs to improperly change the tariff classification of Plaintiff's white sauce.  As the bond requirements relate only to a security, the new bond requirements are not an effort to change the tariff classification on Plaintiff's imported white sauce.  Further, should the government prevail on its appeal, the new bond requirements nevertheless will not affect those entries covered by this Court's June 2, 2005, judgment.

Had Plaintiff wished to protect itself from future Customs administrative action regarding its white sauce importations, Plaintiff should have pleaded a different case in the first instance and sought a temporary restraining order or injunction from this Court.  Having failed to do so, this Court's jurisdiction is limited to only the April 18, 2005, Notice of Action and entries included thereon.  As the entries about which Plaintiff now complains were not included in the Notice of Action, this Court has no jurisdiction over Customs's imposition of the new bond requirements.  If Plaintiff feels sufficiently aggrieved by Customs's actions, it is free to file a new case and plead an appropriate cause of action therefor.  See Carolina Tobacco Co. v. U.S. Customs Serv., 28 CIT, Slip Op. 04-20 (Mar. 4, 2004), aff'd, 402 F.3d 1345 (Fed. Cir. 2005).

Given the Court's decision that it lacks subject matter jurisdiction over Plaintiff's claim, the Court cannot reach the issue of whether Customs's imposition of the new bond requirements was reasonable.

**CONCLUSION**

For the foregoing reasons, this Court holds that it does not have subject matter

jurisdiction over the issue – the increased import bond requirements – about which Plaintiff

complains.  Accordingly, this Court denies in part and grants in part Plaintiff's Emergency

Motion to Enforce Judgment and to Expedite Briefing.  Specifically, the Court granted Plaintiff's

request for expedited briefing but denies Plaintiff's request to enforce judgment.


                                            /s/       Gregory W. Carman
                                            Gregory W. Carman
                                            Judge


Dated: September 1, 2005
New York, New York